Maria Louise Cousineau (State Bar No. 122280)
mcousineau@cozen.com
Dina R. Richman (State Bar No. 251088)
drichman@cozen.com
COZEN O'CONNOR
601 South Figueroa Street, 37th Floor
Los Angeles, CA 90017
Telephone: (213)892-7900
Facsimile: (213)784-9069

Attorneys for KEMPER INDEPENDENCE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DOUGLAS A. LAWELLIN, an individual; STEVEN D. ROHLIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KEMPER INDEPENDENCE INSURANCE COMPANY, an Illinois Corporation,<br><br>Defendant. | Case No.: 5:14-cv-00315-VAP-DTB<br><br>**DEFENDANT KEMPER INDEPENDENCE INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Notice of Motion and Motion for Summary Judgment; Declaration of Gary Clarke; Compendium of Exhibits; Request for Judicial Notice; Proposed Order]<br><br>Date: November 17, 2014<br>Time: 2:00 p.m.<br>Location: Courtroom 2 |

Defendant Kemper Independence Insurance Company (Kemper) submit the following Statement of Undisputed Facts in support of its Motion for Summary Judgment, or in the alternative, Partial Summary Judgment.

///

///

///

1

| Kemper's UF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | In July 2011, the City of Indian Wells ("the City") adopted Municipal Code Sections 21.50.051 and 21.50.053, which limit the height of hedges on single-family residential lots to nine (9) feet. | Notice of Application and Application for Warrant to Abate Public Nuisance; Memorandum of Points and Authorities (the Abatement Application), page 2, lines 15-17 (Request for Judicial Notice (RJN), Exhibit 1); Declaration of Code Enforcement Officer Bruce Pelletier In Support of Application for Abatement Warrant ("Pelletier Dec."), ¶3 (RJN Ex. 2). |
| 2. | In the Abatement Application, the City alleged that in September 2011, it received a written complaint that certain hedges on Plaintiffs' property exceeded the nine (9) foot ordinance limit. | Abatement Application, page 2, lines 22-23 (RJN Ex. 1); Pelletier Dec. ¶4 (RJN Ex. 2). |
| 3. | The City's Municipal Code Enforcement Officer Bruce Pelletier confirmed that certain hedges on Plaintiffs' property exceeded nine (9) feet. | Abatement Application, page 2, lines 22-23 (RJN Ex. 1); Pelletier Dec. ¶4 (RJN Ex. 2). |

LEGAL\21128627\1

| Kemper's UF No. | Fact | Supporting Evidence |
|---|---|---|
| 4. | The City's Municipal Code Enforcement Officer Bruce Pelletier cited Plaintiffs for the hedge height violation. | Abatement Application, page 2, lines 24-25 (RJN Ex. 1); Pelletier Dec. ¶8 (RJN Ex. 2). |
| 5. | Plaintiffs appealed the citation before a hearing officer. | Abatement Application, page 2, lines 25-27 (RJN Ex. 1); Pelletier Dec. ¶9 (RJN Ex. 2). |
| 6. | On November 17, 2011, the hearing officer issued an administrative hearing order upholding the offense citation. | Abatement Application, page 2, lines 27-28 (RJN Ex. 1); Pelletier Dec. ¶11, Exhibit 6 (RJN Ex. 2). |
| 7. | In the November 17, 2011 order, the hearing officer noted that "Appellant Lawellin did not dispute the existence of a hedge which exceeded the height limit of nine (9) feet. . . . Mr. Lawellin challenged the validity of the City ordinance and felt that this new City code was being unfairly enforced on his property." | Exhibit 6 to Pelletier Dec. (RJN Ex. 2). |
| 8. | After two Notices of Violation and three citations, in March 2012, the City applied for an Abatement Warrant. | Abatement Application, page 3, lines 3-4 (RJN Ex. 1); Pelletier Dec. ¶6, 8, 15, 17, 19, (RJN Ex. 2). |

LEGAL\21128627\1

| Kemper's UF No. | Fact | Supporting Evidence |
|---|---|---|
| 9. | The City's initial application for an abatement warrant was denied on procedural grounds. | Abatement Application, page 3, lines 4-7 (RJN Ex. 1). |
| 10. | On September 11, 2012, the City filed a new application for an abatement warrant. | Abatement Application (RJN Ex. 1). |
| 11. | On November 7, 2013 the Riverside Superior Court granted the City's application for an abatement warrant and issued an Abatement Warrant authorizing the City to abate Plaintiffs' hedges. | Minute Order dated November 7, 2013 (RJN Ex. 3.) |
| 12. | On December 19, 2013, the Riverside Court granted the City's Motion for Attorney's Fees and Costs and awarded the City $97,835.84 against Plaintiffs. | Minute Order dated December 19, 2013 (RJN Ex. 4.); Complaint ¶16. |
| 13. | On May 2, 2013, Plaintiffs tendered the Abatement Action to Kemper and requested a defense and indemnity. | Declaration of Gary Clarke (Clarke Dec.), ¶3. |
| 14. | On May 9, 2013, Kemper sent a letter to Plaintiffs informing them that Kemper would not defend or indemnify them in the Abatement Action as the policy provided no coverage for the claim. | Clarke Dec. ¶5, Ex. 7. |
| 15. | The May 9, 2013 letter stated in relevant part:<br><br>"The Kemper policy states that if a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury,' 'property damage' or 'personal injury' caused by an 'occurrence' | Clarke Dec. ¶5, Ex. 7. |

4

| Kemper's UF No. | Fact | Supporting Evidence |
|---|---|---|
| | to which this coverage applies, we will provide a defense. In the instant case, there is no "occurrence" being alleged that would trigger coverage here, because there was no "accident" resulting in "bodily injury," "property damage," or "personal injury" as defined in the policy. The policy defines "occurrence" as "an accident." There is no accidental conduct being alleged in this case, and therefore the policy is not triggered.<br><br>Furthermore, the Plaintiff is not alleging damages because of "bodily injury," "property damage," or "personal injury".... The Plaintiff is not alleging damages because of bodily harm, sickness or disease.... Likewise, the Plaintiff does not seek damages because of "personal injury".... Plaintiff has only reported alleged violations of an ordinance, and therefore your homeowners policy coverage is not triggered." | |
| 16. | The May 9, 2013 letter from Kemper stated in part, "[i]f you believe Kemper is incorrect in any respect, or wish to provide further information for our review and consideration, please feel free to contact me[.]" | Clarke Dec. ¶5, Ex. 7. |
| 17. | The policy under which Plaintiffs tendered their defense was a Kemper Package Plus Policy, Policy Number RB 753314, with effective dates of December 17, 2010 to December 17, 2011 (the Policy). | Clarke Dec. ¶4, Ex. 6. |

LEGAL\21128627\1

| Kemper's UF No. | Fact | Supporting Evidence |
|---|---|---|
| 18. | The Policy provides coverage for property damage (Section I), as well as liability coverage (Section II). | Clarke Dec. ¶4, Ex. 6. |
| 19. | The Policy provides in part:<br><br>**SECTION II – LIABILITY COVERAGE**<br><br>**COVERAGE E - PERSONAL LIABILITY**<br><br>If a claim is made or suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" or because of "personal injury" to which this coverage applies, we will:<br><br>1.  Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and<br><br>2.  Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability. | Clarke Dec. ¶4, Ex. 6 (p. POL 000032). |
| 20. | The Policy contains the following definitions (among others):<br><br>**DEFINITIONS THAT APPLY TO SECTIONS I AND II** | Clarke Dec. ¶4, Ex. 6 (p. POL 000018-000019). |

6

LEGAL\21128627\1

| Kemper's UF No. | Fact | Supporting Evidence |
|---|---|---|
| | The following words and phrases are defined as used in Sections I and II.<br><br>1. "**Bodily injury**" means harm, sickness or disease, including required care, loss of services and death that results.<br><br>. . . .<br><br>5. "**Occurrence**" means:<br><br>   a. An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:<br><br>      1) "**Bodily injury**"; or<br><br>      2) "**Property damage**."<br><br>. . . .<br><br>6. "**Property damage**" means physical injury to, destruction of, or loss of use of tangible property.<br><br>. . . .<br><br>9. "**Personal injury**" means injury arising out of one or more of the following offenses:<br><br>   a. False arrest, detention or imprisonment, or malicious prosecution;<br><br>   b. Libel, slander or defamation of character; or<br><br>   c. Invasion of privacy, wrongful eviction or wrongful entry." | |

LEGAL\21128627\1

| Kemper's UF No. | Fact | Supporting Evidence |
|---|---|---|
| 21. | The Policy contains the following exclusions (among others):<br><br>**SECTION II – EXCLUSIONS**<br><br>. . . .<br><br>2.   **Coverage E – Personal Liability**, does not apply to:<br><br>. . . .<br><br>    b.   "Property damage" to property owned by the "insured";<br><br>    c.   "Property damage" to property rented to, occupied or used by or in the care of the "insured." This exclusion does not apply to "property damage" caused by fire, smoke, or explosion.<br><br>. . . .<br><br>    g.   "Personal injury" arising from<br><br>. . . .<br><br>        2)   Injury caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of an "insured." | Clarke Dec. ¶4, Ex. 6 (p. POL 000034-000035). |

8

LEGAL\21128627\1

| | | |
|---|---|---|
| 1 | Dated: October 20, 2014 | COZEN O'CONNOR |
| 2 | | |
| 3 | | By: /s/ Maria Louise Cousineau |
| 4 | | Maria Louise Cousineau |
| | | Dina R. Richman |
| 5 | | Attorneys for |
| | | KEMPER INDEPENDENCE |
| 6 | | INSURANCE COMPANY |

9